IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ERIC KAMAHELE, et al.,<br><br>        Defendants. | ORDER<br><br>and<br><br>MEMORANDUM DECISION<br><br>Case No. 2:08-CR-758-TC |

Mr. Daniel Maumau brought a motion under 28 U.S.C. § 1867(a) to stay the proceedings based on the fact that members of the potential venire were excused for hardship by the jury administrator. Mr. Maumau contends that the court must stay the proceedings to determine if there was a substantial failure to comply with the Jury Selection and Service Act of 1968. As discussed during the September 6, 2011, morning conference, Mr. Maumau's Motion to Stay the Proceedings (Dkt. No. 894) is DENIED.

## BACKGROUND

At the court's direction, the jury administrator sent a notice to all prospective jurors who had been summoned informing them that the trial for which they were summoned would last between four to six weeks. The notice instructed the prospective jurors that if serving on a jury trial of that length would cause them undue hardship or extreme inconvenience, they were to

submit a juror excuse request by email.[1] In response to the juror excuse requests received, the jury administrator made a case-by-case determination of whether to excuse each prospective juror for hardship. It is this process that Mr. Maumau challenges.

The court addressed Mr. Maumau's motion during the September 2, 2011, final pretrial conference and asked the jury administrator to make available to all counsel biographical information about the excused prospective jurors, a biography of the venire, and the juror excuse requests that were received. The court informed the parties that it would hear argument on the motion during the morning conference on September 6, after all parties had the opportunity to review the materials. At the conclusion of the final pretrial conference, the jury administrator made the materials available and counsel had the opportunity to review them.

## ANALYSIS

Under the Jury Selection and Service Act (the Act), "any person summoned for jury service may be . . . excused by the court, or by the clerk under supervision of the court if the court's jury selection plan so authorizes, upon a showing of undue hardship or extreme inconvenience, for such period as the court deems necessary." 28 U.S.C. § 1866(c)(1). The United States District Court for the District of Utah has, in accordance with the Act, adopted the Amended Plan for the Random Selection of Grand and Petit Jurors (the Local Plan). The Local Plan authorizes the Clerk of the Court to "grant temporary excuses to prospective jurors on the grounds of undue hardship or extreme inconvenience." Amended Plan for the Random Selection of Grand and Petit Jurors, http://www.utd.uscourts.gov/documents/jury_plan.html.

---

[1] The jury administrator also included a juror excuse request form in the packet that was sent to all prospective jurors.

Having carefully reviewed the juror excuse requests and the jury administrator's decisions, the court finds that the procedure used in this case does not deviate from the requirements of the Act and the Local Plan. But, even if there were a deviation from the Act and the Local Plan as Mr. Maumau suggests,[2] the court finds that such deviation does not constitute a substantial failure to comply with the provisions of the Act.

Under the Act, a criminal defendant "may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the Act]." 28 U.S.C. § 1867(a). "'Mere 'technical' deviations from the Act or even a number of them are insufficient [to constitute substantial failure] if they do not frustrate the obtaining of jury lists that represent a cross section of the relevant community and do not result in impermissible forms of discrimination and arbitrariness.'" United States v. Bailey, 76 F.3d 320, 322 (10th Cir. 1996) (quoting United States v. Gregory, 730 F.2d 692, 699 (11th Cir. 1984)).

The Eleventh Circuit Court of Appeals has considered a challenge similar to Mr. Maumau's on facts almost identical to this case. In United States v. Barnette, 800 F.2d 1558 (11th Cir. 1986) (other aspects superseded by statute), the jury clerk, at the discretion of the district court, "sent each prospective juror a questionnaire notifying him or her of the projected length of the trial and advising the juror to submit a written request for excusal if service would be a hardship." Id. at 1567. Of the 400 prospective jurors summoned, 249 requested excusals

---

[2] Mr. Maumau contends that some of the juror excuse requests that were granted fall outside of those classes of people that the Local Plan identifies as experiencing undue hardship as a result of jury service. The court interprets the Local Plan's inclusion of these classes of people as meant to provide a list of classes that have specifically been found to experience undue hardship and not as meant to limit the Clerk's ability to temporarily excuse other people, not listed, who would experience undue hardship from serving on a jury.

due to hardship. Id. The court granted 245 of the requests. Id. As a result, the defendants argued that "the jury 'was drawn from the relatively small percentage of individuals, who, due to either a sense of civic duty or lack of better alternatives, were willing to serve.'" Id. The court found that "[a]bsent any proof from the [defendants] that the jury was other than a random cross section of the community, . . . the district court's discretion in jury selection is broad enough to encompass consideration of hardship excusal requests,"[3] and held that the district court's jury selection procedure did not constitute a substantial violation of the Act. Id. at 1568. In so holding, the court noted the benefit of the procedure used by the district court—"[w]ith the pre-trial questionnaire, the district court was able to separate those prospective jurors who could from those who could not afford to serve on the jury." Id.

Mr. Maumau makes an argument similar to that of the defendants in Barnette: that the jury administrator's excusal of prospective jurors based on the juror excuse requests frustrated the random selection of jurors. Having fully reviewed and compared the biographical information of the excused prospective jurors and that of the actual venire in this case, the court finds that there is no evidence that the venire is anything other than a random cross section of the community. The jury administrator's excusals in no way altered or skewed the composition of the venire. And Mr. Maumau has failed to present any evidence to the contrary. Accordingly, even if the procedures in this case deviated in some way from the Act and the Local Plan, there has been no substantial violation of the Act. See Bailey, 76 F.3d at 322 (denying challenge under

---

[3] The court concluded that there was "absolutely no evidence in the record" to support the defendants' conclusion that the jury was composed of only those individuals who had nothing better to do. Id. at 1568.

Jury Selection and Service Act because the effect on the jury pool—that one of the state's divisions and all of the counties in another division were misrepresented in the jury pool—was not "of a magnitude to warrant staying or dismissing" the proceedings).

For the foregoing reasons, Mr. Maumau's Motion to Stay (Dkt. No. 894) is DENIED. Mr. Maumau's Motion for Production of Jury Questionnaires (Dkt. No. 898) and Mr. Kepa Maumau's Motion to Supplement the Record (Dkt. No. 910) are GRANTED; the jury questionnaires (juror excuse requests) and the biography of the venire were made available on September 2, 2011, and have been filed under seal as part of the record (Dkt. No. 925).

SO ORDERED this 8th day of September, 2011.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge